IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AKEEN MATHEWS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WELLS FARGO HOME MORTGAGE CORP., et al. | : | NO. 12-4229 |

MEMORANDUM

SANCHEZ, J.                                              SEPTEMBER 17th, 2012

Currently before the Court is plaintiff's second amended complaint against defendant Wells Fargo Home Mortgage Corporation ("Wells Fargo"). For the following reasons, the Court will dismiss the second amended complaint.

The Court dismissed plaintiff's initial complaint without prejudice because he failed to provide a factual basis for his claims as required by Federal Rule of Civil Procedure 8(a). (Document No. 2.) Thereafter, plaintiff filed an amended complaint, which suggested that his claims were based on the fact that Wells Fargo wrongfully foreclosed on and sold his property. The Court dismissed plaintiff's amended complaint for lack of jurisdiction pursuant to the Rooker-Feldman doctrine, because it appeared that plaintiff was seeking relief from injury caused by a state court judgment. (Document No. 6.) The Court also concluded that certain of plaintiff's claims were frivolous because they were grounded in plaintiff's alleged "Secured Party Creditor" status and admiralty law. (Id.) However, plaintiff was given another opportunity to amend.

1

In his second amended complaint, plaintiff contends that he "made request for Verification of Debt with Tender of Payment and Notice of Reservation of Rights for Initiating a Counterclaim by Affidavit to Defendant Wells fargo," as well as other requests and demands, but that Wells Fargo did not respond.[1] (Second Am. Compl. at 1.) He also alleges that Wells Fargo "failed to stipulate [that it] was a real party in interest and lack[ed] the standing to bring about any action for remedy in this matter." (Id. at 2.) Finally, plaintiff contends that he learned that Wells Fargo sold the note (presumably the mortgage note associated with plaintiff's property) "to get money from investors," making it difficult for plaintiff to determine who owned his mortgage. (Id.) Based on those allegations, plaintiff purports to assert a fraud claim under state law, a due process claim under 42 U.S.C. § 1983, claims under the Truth in Lending Act ("TILA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Fair Credit Reporting Act ("FCRA"), and a violation of RICO.

As plaintiff is proceeding in forma pauperis, the Court may dismiss his complaint for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss

---

[1] Those requests, which are attached to plaintiff's amended complaint (Document No. 5), appear to be seeking admissions from Wells Fargo or a waiver of plaintiff's debt based on his reference to assorted legal principles and statutes.

2

under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).

Nothing in the complaint clearly or specifically states a basis for a claim under federal or state law. In fact, the Court finds it difficult to ascertain the exact factual basis for the plaintiff's claims. It appears that plaintiff is dissatisfied with the manner in which Wells Fargo handled his mortgage and possibly foreclosure proceedings, in particular, the fact that Wells Fargo sold the mortgage to other entities. But that fact alone does not give rise to a cause of action.[2]

For the foregoing reasons, the Court will dismiss plaintiff's second amended complaint for failure to state a claim. As plaintiff has already been given two opportunities to amend, and has not been able to clearly articulate a basis for a

---

[2] Indeed, many of the statutes cited by plaintiff appear to have no application whatsoever to this case. For instance, nothing in the complaint suggests that Wells Fargo acted under color of state law or that Wells Fargo inaccurately reported plaintiff's credit information. See SimmsParris v. Countrywide Fin. Corp., 652 F.3d 355, 357 (3d Cir. 2011) ("The FCRA is intended to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner.") (quotations omitted); Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) ("[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law.").

claim, the Court concludes that further attempts at amendment would be futile. An appropriate order follows.